UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., <br><br>        Plaintiffs, <br><br>    v. <br><br>STEMEXPRESS, LLC, et al., <br><br>        Defendants. | Case No. 21-cv-01594-VC <br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS** <br><br>Re: Dkt. No. 39 |

    The plaintiffs' motion to dismiss is granted in full. The motion is granted with leave to amend all claims except for the second cause of action, alleging breach of contract for the plaintiffs' alleged failure to comply with pre-litigation requirements.

    <u>Breach of Confidentiality Agreement</u>: StemExpress has not adequately alleged that the plaintiffs breached the confidentiality agreement or that the plaintiffs breached the implied covenant of good faith and fair dealing. The allegations are sparse, merely stating that the plaintiffs had access to confidential information across many broad categories and then used that information to mimic StemExpress's business. For example, when describing the "specific confidential information" that the plaintiffs had access to, StemExpress merely states that this information "included . . . StemExpress'[s] processes for best obtaining samples from donors, screening procedures/donor question[n]aires, training for collection staff, idea collection-to-isolation in freezing procedures, expected yield from collections, optimizing thawing protocols, sample preparation methods . . ., viability testing procedures, and product packing procedures." This over-inclusive list includes much information that cannot plausibly be deemed confidential. To "raise a right to relief above the speculative level," StemExpress must provide greater detail

about the specific confidential information that the plaintiffs allegedly misused. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>Misappropriation of Trade Secrets</u>: For similar reasons, StemExpress's claim that the plaintiffs misappropriated trade secrets is insufficiently pled. To state a cause of action for trade secret misappropriation, a plaintiff must allege that "(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (quoting *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017)); *CytoDyn of New Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc.*, 160 Cal. App. 4th 288, 297 (2008). Once again, StemExpress's descriptions of the allegedly misappropriated trade secrets are over broad; there is no way to discern which practices constitute trade secrets and which are commonplace.

<u>Pre-Litigation Requirement</u>: StemExpress argues that the plaintiffs breached the meet-and-confer requirement in the parties' Supply Agreement by filing this lawsuit. This claim is a thinly veiled attempt to relitigate the Court's denial of this argument at the motion to dismiss stage, where the Court recognized that "[t]he meet-and-confer process is [] no barrier to litigation" because "most of the plaintiffs' claims . . . do not arise 'under [the Supply] Agreement.'" *Stemcell Technologies Canada Inc. v. StemExpress, LLC*, 2021 WL 3087668, at *2 (N.D. Cal. July 22, 2021). Once again, this argument fails: StemExpress cannot allege that they have suffered any injury resulting from this alleged breach because StemExpress would have faced the expenses of this litigation even if the parties had resolved the plaintiffs' contract claims prior to the filing of this lawsuit. This is all the more true in light of the fact that StemExpress initiated an action against Stemcell Tech in state court shortly after the complaint in this case was filed. These claims would have undoubtedly been litigated in that action, if not this one.[1] Further, StemExpress has not alleged that any pre-litigation process is likely to have resulted in a

---

[1] The plaintiffs' request for judicial notice of the Superior Court complaint is granted. Dkt. No. 44.

resolution that would have prevented the need for litigation. Because this claim "could not possibly be cured by the allegation of other facts," the motion to dismiss is granted without leave to amend. *Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945, 960 (9th Cir. 2020) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

Unfair Competition Claims: Although the California Uniform Trade Secrets Act precludes unfair competition claims that are "based upon misappropriation of a trade secret," a plaintiff is sometimes able to state a claim under the UCL in the alternative to its trade secret claim, or based on a distinct set of facts. *See* Cal. Civ. Code § 3426.7(a), (b); *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010). But StemExpress's unfair competition claims are insufficient because they rely on the insufficiently pled allegations underlying the breach of contract and misappropriation of trade secret claims.

\* \* \* \*

Any amended counterclaims are due within 21 days of this order.

**IT IS SO ORDERED.**

Dated: November 17, 2021

_____
VINCE CHHABRIA
United States District Judge