Port J. Parker, SBN 179256
port@parlawgroup.com
Myles G. Taylor, SBN 298687
myles@parlawgroup.com
**PARKER TAYLOR LAW GROUP, PC**
555 Capitol Mall, Suite 1230
Sacramento, CA 95814
Telephone: (916) 996-0400

Attorneys for Defendants STEMEXPRESS, LLC and CATE DYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., f/k/a STEMCELL TECHNOLOGIES INC., a Canadian corporation; STEMCELL TECHNOLOGIES INC., a Nevada corporation; and CANVENTA LIFE SCIENCES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STEMEXPRESS, LLC, a California limited liability corporation; CATHERINE S. DYER a/k/a CATE DYER, an individual; and DOES 1-10 inclusive,<br><br>Defendants.<br><br>―――――――――――――――――<br>STEMEXPRESS, LLC, a California limited liability corporation;<br><br>Counter-Plaintiff<br><br>v.<br><br>STEMCELL TECHNOLOGIES CANADA INC., et. al.<br><br>Counter-Defendants. | Case No. 3:21-cv-01594<br><br>*Case Assigned to Judge Vince Chhabria*<br><br>**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Date:  April 14, 2022<br>Time:  10:00 a.m.<br>Place: Courtroom 4, 17th Floor |

StemExpress, LLC ("StemExpress") and Cate Dyer ("Defendants") submit the following objections to the Reply ("Reply") and Reply Declaration of David W. Quinto ("Quinto Reply Declaration"), submitted in support of Plaintiffs' Motion for Relief from Nondispositive Pretrial Order

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - CASE NO. 3:21-CV-01594-VC**

1

of Magistrate Judge (the "Motion"). The Reply and Quinto Reply Declaration are objectionable for several reasons and should be disregarded or accorded little or no weight in the determination of the Motion.

## I. THE PORTIONS OF THE QUINTO REPLY DECLARATION CONTAINING NEW EVIDENCE THAT IS NOT RESPONSIVE TO DEFENDANTS' OPPOSITION PAPERS SHOULD BE STRICKEN

The Quinto Reply Declaration contains a significant amount of evidence that (1) was not included in Plaintiffs' moving papers, and (2) is not responsive to the argument and authorities in Defendants' Opposition to the Motion. The Quinto Reply Declaration attempts to present the following documents as evidence:

- StemExpress' Responses to STEMCELL Technologies Canada, Inc.'s First Set of Interrogatories (¶ 2 and Ex. A);
- StemExpress' Responses to STEMCELL Technologies Canada, Inc., STEMCELL Technologies, Inc., and Canventa Life Sciences, Inc.'s First Set of Requests for Production of Documents and Things (¶ 3 and Ex. B);
- STEMCELL Technologies Canada, Inc.'s Notice of Deposition of StemExpress, LLC Pursuant to Fed. R. Civ. P. 30(b)(6) (¶ 4 and Ex. C); and
- StemExpress' March 15, 2022 letter objecting to various of the Rule 30(b)(6) deposition topics (¶ 5 and Ex. D).

This newly submitted evidence should be disregarded. See *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") See also, *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 2006 WL 305963 (N.D. Cal. 2006) ("It is improper for a moving party to introduce new facts in its reply brief other than those presented in its moving papers.") Because Defendants have no opportunity to fully and fairly respond to this new evidence, Defendants would be prejudiced if the Court were to consider it. Accordingly, the Court should disregard Plaintiffs' new evidence introduced for the first time in Quinto's Reply Declaration, and all Reply arguments which rely on this evidence. Alternatively,

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - CASE NO. 3:21-CV-01594-VC**

2

should the Court elect to consider Plaintiffs' new reply evidence, Defendants respectfully request the opportunity to file a sur-reply memorandum to address it.

## II. THE REPLY IS GROSSLY MISLEADING, MISCONSTRUES MATERIAL FACTS AND SUCH STATEMENTS SHOULD BE DISREGARDED

The Reply contains a number of statements which are factually inaccurate, misleading, and intended to deliberately misconstrue StemExpress' actions. Defendants respond to these statements as follows:

| **Statement** | **Objection** |
|---|---|
| 1. Reply 1:9-11: "StemExpress now contends that it need not respond to interrogatories, document requests, and a Rule 30(b)(6) deposition notice seeking to pin down what is claimed." | Fed. R. Evid. 401, 402, 403, 801-804.<br><br>This statement is argumentative, irrelevant to the matter currently at issue, speculative, lack foundation, and is factually inaccurate and misleading.<br><br>The Motion was brought as to the trade secret designation by Defendants. The discovery disputes between the parties have no pertinence to the trade secret designation.<br><br>Further, this statute is factually inaccurate and intended to deceive the Court as to Defendants' willingness to engage in discovery meet and confer processes. Defendants have agreed to amend almost every interrogatory response, following a lengthy meet and confer call, in which Defendants sought clarification of exactly what information Plaintiffs are seeking in response to each request. At no point have Defendants taken the position that they do not need to respond to interrogatories, document requests, or the 30(b)(6) notice. |
| 2. Reply 2:3-5: "Taking heart from the magistrate judge's failure to require a meaningful description of its purported trade secrets before allowing it to commence trade secret discovery, StemExpress has decided that it need not provide any further elucidation during discovery." | Defendants have been attempting to engage in a meaningful meet and confer process with Plaintiffs regarding discovery for months. This statement is argumentative, factually inaccurate, and is intended to mislead the Court. In contrast with Plaintiffs' claims, Defendants have never refused to provide further discovery responses and have made every attempt to engage in a meaningful meet and confer process. |
| 3. Reply 2:13-5:18 | Fed. R. Evid. 401, 402, 403, 801-804; *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir.2003) |

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - CASE NO. 3:21-CV-01594-VC**

3

| | |
|---|---|
| | The Reply contains a number of citations to Defendants' discovery responses. These were not contained in the original Motion, in Defendants' Opposition, and are not responsive to the arguments and authorities in Defendants' Opposition. The Court should disregard all new evidence and arguments raised for the first time in a reply brief. |
| 4. Reply 3:11-12: "StemExpress believes that it is now excused from providing further information concerning its claimed trade secrets." | This statement by Plaintiffs is factually inaccurate and intended to mislead the Court regarding Plaintiffs' willingness to engage in a meaningful discovery process. At no point has StemExpress claimed that it was excused from providing further information regarding its trade secrets. StemExpress has agreed to provide further responses to interrogatories with further specificity and information concerning and relating to its trade secrets. |
| 5. Reply 2:14-15: "Served with just 11 interrogatories, StemExpress flatly refused to answer 9 of them (while providing evasive or meaningless answers to the other 2)." | This statement is deliberately misleading in an attempt to put Defendants in a negative light before the Court. While StemExpress did provide objection only responses to 9 of 11 interrogatory requests, the requests were extremely objectionable. In providing its responses, StemExpress invited Plaintiffs to meet and confer regarding the responses, provide clarification, and come to an agreement regarding the potential amended responses. This meet and confer went forward on April 5, 2022, at which StemExpress agreed to amend the vast majority of the interrogatory responses. |
| 6. Reply 3:24-27: "Request 29 asked StemExpress to produce documents that identify or set forth its allegedly misappropriated trade secrets. *StemExpress flatly refused to produce any documents* notwithstanding that every one of its cross-claims seeks to recover for alleged trade secret misappropriation." (Emphasis in original.) | This statement is extremely misleading, as StemExpress repeatedly expressed to Plaintiffs its willingness to engage in a meaningful meet and confer process in order to determine a reasonable scope of the document requests. StemExpress has agreed to amend its response to Request 29, providing a further production of documents setting forth its trade secrets. |
| 7. Reply 4:3-4: *StemExpress flatly refused to provide any documents* responsive to those requests." (Emphasis in original.) | This statement is with regards to Requests 30 and 6, both of which have to do with the valuation of StemExpress' trade secrets. StemExpress has agreed to look for responsive documents and provide an amended response to both of these requests. Plaintiffs' attempts to mislead the Court with regard to StemExpress' willingness to amend its discovery responses should be disregarded. |
| 8. Reply 4:10: "StemExpress flatly refused to | This statement is patently inaccurate. |

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - CASE NO. 3:21-CV-01594-VC**

| | |
|---|---|
| produce any documents responsive to requests 31, 32, or 33." | StemExpress has agreed to provide responsive documents to each of these requests. The requests, as written are extremely overbroad and unduly burdensome. However, following a meet and confer between counsel, Plaintiffs have agreed to limit the requests in scope, and StemExpress in turn has agreed to provide responsive documents. |
| 9. Reply 5:15-16: "Because StemExpress has never been required to identify its trade secrets with specificity, STEMCELL is spinning its wheels in discovery." | Not only is this statement argumentative, inaccurate, and misleading, it is clearly intended to make it appear that StemExpress is unwilling to cooperate regarding discovery. Nothing could be further from the truth. StemExpress has repeatedly attempted to engage in a meaningful meet and confer process with Plaintiffs. Further, following the most recent meet and confer call, StemExpress has agreed to amend numerous discovery responses. Throughout this process, Plaintiffs have done nothing but delay and impede the process. |

Defendants respectfully request that the Court sustain the above objections, strike or disregard the portions of the Quinto Declaration which improperly submit new evidence and are improper, misleading, and factually inaccurate.

DATED: April 6, 2022               PARKER TAYLOR LAW GROUP, PC



PORT J. PARKER, SBN 179256
MYLES G. TAYLOR, SBN 298687
555 Capitol Mall, Suite 1230
Sacramento, CA 95814
Tel: (916) 996-0400
port@parlawgroup.com
myles@parlawgroup.com
Attorneys for STEMEXPRESS, LLC and CATE DYER

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE - CASE NO. 3:21-CV-01594-VC**

5

COURT: U.S. District Court – Northern District of California
CASE NO.: 3:21-cv-01594
CASE NAME: *StemCell Technologies, et al. v. StemExpress, LLC*

PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento. My business address is 555 Capitol Mall, Suite 1230; Sacramento, California 95814. I am over the age of 18 years and not a party to the above-entitled action.

On the date indicated below, I served the within:

**STEMEXPRESS, LLC AND CATE DYER'S OBJECTIONS TO THE REPLY DECLARATION OF DAVID W. QUINTO AND REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

__X__   BY CM/ECF---
I caused such document(s) to be electronically filed and/or served using the CM/ECF system for filing and transmittal of the above documents to the below-referenced registrants:

David W. Quinto
Joanna Ardalan
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085
Email: dquinto@onellp.com
jardalan@onellp.com

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on April 6, 2022.

_____
JASMIN C. STYPES

PROOF OF SERVICE

1