UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., | Case No. 21-cv-01594-VC (LB) |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF Nos. 103, 104, 105 |
| STEMEXPRESS, LLC, et al., | |
| Defendants. | |

**INTRODUCTION**

In this case, two biotech companies that previously had a business relationship sued each other for breach of contract and theft of trade secrets, among other claims.[1] In three joint discovery letters, STEMCELL moved to compel (1) deposition testimony under Federal Rule of Civil Procedure 30(b)(6), (2) responses to document requests, and (3) responses or supplemental responses to interrogatories. It also moved for attorney's fees under Rule 37(a)(5)(A). StemExpress objects to the requested discovery, mostly on relevance and proportionality grounds.[2]

---

[1] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letters – ECF Nos. 103, 104, & 105.

ORDER – No. 21-cv-01594-VC (LB)

Preliminarily, the parties submitted five-page letters, but then — to comply with the court's previous order that they consider charting their disputes to make it easier to see their positions side by side[3] — they submitted charts for each letter titled "Unresolved Disputes." The charts are fifty-eight pages, forty-three pages, and twenty-eight pages.[4] This is not a workable mechanism to resolve disputes and negates the point of the district's five-page-brief rule. Going forward, the parties must state their dispute plainly in the letter, provide legal support for their position, and propose their best compromise. Every other sophisticated litigant in the district manages to follow this districtwide practice.

To move discovery along, the court gives guidance on some of the issues to the extent that it can discern them from the overall unhelpful letter briefs. Any issues not addressed are denied without prejudice and can be raised in letter briefs that comply with the court's (and the district's) discovery procedures. The court can decide the issues, at least preliminarily, without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

## STATEMENT

In the parties' previous business relationship, StemExpress supplied cell products (sometimes referred to by the parties as "leukopak" products) to STEMCELL. The relationship was governed by a contract that had confidentiality provisions. When the relationship ended, the parties sued each other for, among other claims, breach of contract. StemExpress also claimed that through STEMCELL's quality audits of StemExpress's facilities, STEMCELL gained access to and misappropriated StemExpress's trade secrets to start STEMCELL's own competing business (called Canventa), in violation of the California Uniform Trade Secrets Act (CUTSA).[5] The trial court referred all discovery disputes to the undersigned.[6]

---

[3] Order – ECF No. 91 at 2.

[4] Charts, ECF Nos. 103-1, 104-1, & 105-1.

[5] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51.

[6] Order of Reference – ECF No. 52.

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b).

### 1. Rule 30(b)(6) Deposition Testimony — ECF No. 103

STEMCELL moved to compel Rule 30(b)(6) deposition testimony from StemExpress. The parties apparently have not settled on a date for the deposition. The parties need to work out a date themselves. If they cannot, then the deposition date is three weeks from the date that the parties raise any renewed dispute with the court.

An issue is StemExpress's assertion that it has to review STEMCELL's document production first. It argues relatedly that in January, the parties agreed to postpone the Rule 30(b)(6) deposition until initial disclosures were complete.[7] A January 18, 2022, email exchange suggests that there was no agreement to postpone the deposition: StemExpress's counsel memorialized certain agreements between the parties and "propose[d]" a postponement, and then STEMCELL's counsel stated his "general agreement" with the memorialization "excepting StemExpress's deposition."[8] In any event, the parties raised the dispute on May 20, 2022. By now, the review should be complete. If it is not, then the parties must confer within one week on whether additional documents will be produced, when they will be produced, and what time is needed before a productive Rule 30(b)(6) deposition.

StemExpress also contended that contention interrogatories, not a Rule 30(b)(6) deposition, are the appropriate vehicle to address certain deposition topics because the topics "call[] for legal

---

[7] *See generally* Statement of Unresolved Issues – ECF No. 103-1.
[8] Emails, Ex. E to Quinto Decl. in Supp. of Mot. to Compel – ECF No. 103-7 at 2–3.

contentions from a lay witness."[9] It agreed to provide interrogatory responses "with a good faith, complete response."[10] This is a reasonable compromise.

    Contention interrogatories are governed primarily by Rule 33(a)(2):

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

    Contention interrogatories are sometimes a more appropriate discovery vehicle than a Rule 30(b)(6) deposition where a party seeks "to use a 30(b)(6) deposition to explore the facts underlying the legal claims and theories asserted by" the opposing party. *TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH MEJ, 2012 WL 1413368, at *1–3 (N.D. Cal. Apr. 23, 2012). In particular, a deposition topic "fails the 'reasonable particularity' requirement in Rule 30(b)(6)" where it "calls for legal contentions from a lay witness," or in other words where it calls for "the application of law to fact." *Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-CV-01294-RS (TSH), 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021). And where the claims are complex (such as with patent-infringement claims), there is a concern that "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of the bases for the contentions and positions taken." *TV Interactive*, 2012 WL 1413368, at *2; *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) ("the court must limit the frequency or extent of discovery" where the discovery "can be obtained from some other source that is more convenient").

    That said, "[c]ourts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). "In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id*. Thus, as a general rule, a party moving to compel responses to

---

[9] *Id*. at 4–5; Statement of Unresolved Issues – ECF No. 103-1 at 7–9, 22–24 (adding topics 4 and 16 as disputed issues even though not mentioned in the joint discovery letter).

[10] *See generally* Statement of Unresolved Issues – ECF No. 103-1.

contention interrogatories at an early stage in litigation must show that the responses would "contribute meaningfully" to one of the following: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985); *Nitride Semiconductors v. Rayvio*, No. 17-cv-2952-EJD (SJK), 2017 U.S. Dist. LEXIS 206011, at *4 (N.D. Cal. Dec. 14, 2017). "These guidelines are not to be applied rigidly, and so any decision must be made on a case by case basis." *HTC Corp. v. Tech. Props. Ltd.*, No. C 08–00882 JF (HRL), 2011 WL 97787, *2 (N.D. Cal. Jan. 12, 2011); *see eBay Seller*, 2008 WL 5212170, at *1 & n.3 (acknowledging "non-rigid rule"). The requesting party has the "burden of justification" to overcome the "general policy [] to defer propounding and answering contention interrogatories until near the end of the discovery period." *Convergent Techs.*, 108 F.R.D. at 337.

On this record (including STEMCELL's failure to address any of StemExpress's arguments in the letter brief itself on the issue of deposition versus interrogatories), most of the challenged topics seem more appropriately addressed by contention interrogatories. For one, the topics call for either the application of the law of trade secrets to facts or a "complete account of the bases" for various contentions. *TV Interactive*, 2012 WL 1413368, at *2. For example, topics 4 and 5 ask for the specific StemExpress confidential information and trade secrets that StemExpress contends STEMCELL has used or disclosed.[11] One issue is that contention interrogatories seem premature. But StemExpress has offered to answer them fully, thus obviating any timing issue. This analysis applies to deposition topics 4–5, 13, and 15–21.

StemExpress also argued that contention interrogatories are more appropriate for topic 6, but "StemExpress has agreed to . . . determine whether it is able to designate a witness on this topic."[12] That compromise is reasonable.

That leaves the following issues in the letter brief at ECF No. 103.

---

[11] *Id.* at 7, 10.

[12] *Id.* at 12–13.

Topics 1 and 2 call for any StemExpress confidential information or trade secrets that STEMCELL acquired without being given access by StemExpress.[13] As a proposed compromise, StemExpress states that it "anticipates" that no confidential information or trade secrets were acquired without access, but it is willing to designate a witness on these topics after fully reviewing the documents STEMCELL has thus far produced.[14] That compromise is reasonable.

Topic 14 is StemExpress's "knowledge of quality audits of companies that make or sell leukopheresis products." STEMCELL clarifies that it seeks to ask about StemExpress's own "quality audits of other companies' leukopheresis products," which may "show that the information StemExpress claims is trade secret or confidential is well known in the industry."[15] StemExpress contends that this request (1) is overbroad and (2) seeks third-party confidential information that StemExpress cannot disclose.[16] As to the second argument, the parties' stipulated protective order authorizes and has a process for disclosure of non-party information in the possession of a disclosing party.[17] Otherwise, the topic is relevant and not overbroad or burdensome.

Topics 7–8, 23–25, and 34–36 are mentioned in the letter brief but are omitted from the chart.[18] The court thus cannot address the issue. *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (the moving party must "establish[] that the information requested is within the scope of permissible discovery").

---

[13] *Id.* at 2, 4.

[14] *Id.* at 2–6.

[15] *Id.* at 18.

[16] *Id.* at 19.

[17] Protective Order – ECF No. 87 at 9–10 (¶ 9(b)–(c)).

[18] Joint Disc. Letter – ECF No. 103; Statement of Unresolved Issues – ECF No. 103-1.

**2. Document Production Requests — ECF No. 104**

STEMCELL also moved to compel responses to its document requests numbered 1–6, 9–11, 13–15, 17–19, 21–26, 28–35, and 39–43.[19] StemExpress generally objected to the requests on relevance and proportionality grounds.[20]

For many requests, StemExpress proposed compromises that resolve the disputes. For example, for requests 29 and 30, StemExpress "has agreed to . . . produce all non-privileged responsive documents."[21] The parties must not raise disputes that are resolved. StemExpress in any event must respond to requests 5–6, 9–11, 22, 28–31, and 42.

Other requests seem premature. For example, for some requests, StemExpress has "agreed to review its records and discuss amendment following conferring with counsel, and a follow up determination of additional burden."[22] By this point, as discussed above, the time since the parties raised the dispute on May 20, 2022, should be sufficient. If it is not, then the parties must confer within one week on what time is reasonable to conduct that review and finalize the response. This analysis applies to requests 4, 13–15, 17–19, 21, and 25.

As to requests 26 and 34, STEMCELL has agreed to provide a more limited date range.[23] This seemingly resolves the dispute.

STEMCELL moved to compel responses to requests 1–3 but omitted the requests from its chart.[24] The court thus cannot decide the dispute. *Khalilpour*, 2010 WL 1267749, at *1.

Request 23 asks (after compromise by STEMCELL) for StemExpress's "internal communications specifically relating to STEMCELL's orders for the period from January 1, 2017, through December 31, 2021."[25] STEMCELL points out that it alleges that StemExpress improperly "delayed fulfillment

---

[19] Joint Disc. Letter – ECF No. 104 at 1; Statement of Unresolved Issues – ECF No. 104-1 at 40–41 (adding topic 28 as a disputed issue even though not mentioned in the joint discovery letter).

[20] Joint Disc. Letter – ECF No. 104 at 2–3.

[21] Statement of Unresolved Issues – ECF No. 104-1 at 25–26.

[22] *See generally id.*

[23] *Id.* at 24–25, 32.

[24] Joint Disc. Letter – ECF No. 104; Statement of Unresolved Issues – ECF No. 104-1.

[25] Statement of Unresolved Issues – ECF No. 104-1 at 22.

of [STEMCELL's] orders."[26] This request is relevant, and StemExpress does not explain why responding is burdensome. That said, email productions often are more useful later in the case after more targeted relevant time periods are identified.

Request 41 is for documents "sufficient to identify all customers that purchased cord blood CD34+" from StemExpress between January 1, 2016 and December 31, 2020.[27] STEMCELL contends that the documents are relevant to whether StemExpress "improperly diverted sales from STEMCELL by selling directly to STEMCELL customers."[28] They appear relevant. But they also, as StemExpress argues, are burdensome because it is "information that would be subject to confidentiality restrictions by StemExpress' customers."[29] The burden for securing approval from those third parties pursuant to the parties' protective order is substantial. There may be a narrower, less burdensome approach to provide insight without the burden.

Requests 32 and 33 are (after compromise by STEMCELL) for any StemExpress non-disclosure agreements "in which trade secrets are specifically contemplated and [which] contain terms regarding the disclosure of said trade secrets." STEMCELL contends that the agreements are relevant to whether StemExpress made "efforts that are reasonable under the circumstances to maintain its [trade secrets'] secrecy." This request, as StemExpress argues, requires third-party consent and the resulting burden and proportionality concerns.[30] Perhaps there is a compromise here: a production of representative agreements. In any event, for the requests as made, the relevance does not justify the burden.

Request 39 asks for documents reflecting "the cell numbers from each donor draw for each leukopak" sold by StemExpress to STEMCELL after January 1, 2016. STEMCELL argues that this request is relevant to its claim that, in breach of the parties' Supply Agreement, StemExpress split the

---

[26] *Id.*; First Am. Compl. – ECF No. 20 at 6 (¶ 24), 7 (¶ 27).

[27] Statement of Unresolved Issues – ECF No. 104-1 at 37–39.

[28] *Id.* at 37; *see, e.g.*, First Am. Compl. – ECF No. 20 at 32–33 (¶ 75).

[29] Statement of Unresolved Issues – ECF No. 104-1 at 37.

[30] *Id.* at 28–32.

ORDER – No. 21-cv-01594-VC (LB)   8

samples from individual donors (thus altering the samples' cell counts) to achieve two sales to STEMCELL.[31] StemExpress does not explain burden or proportionality sufficiently.

STEMCELL makes the same argument regarding request 40, which seeks documents "setting forth how many cells were split into differently sized leukopaks" for leukopaks sold to STEMCELL since January 1, 2016. StemExpress proposed a narrower date range but did not specify what that range should be.[32] Another approach might be starting with a certain date range to see what data that range yields, and then seeing how productive that data is.

Finally, the parties' dispute about whether STEMCELL's document requests must be limited to the time period of the parties' contractual relationship appears moot because the parties' proposed compromise states that they have already agreed to such a limit.[33]

### 3. Interrogatories — ECF No. 105

STEMCELL challenges StemExpress's failure to respond to nine of eleven interrogatories and its allegedly evasive responses to two interrogatories.[34]

StemExpress has already agreed to respond to interrogatories 1 through 9, so any issue is moot.[35] Again, the parties must not raise disputes that are resolved. Still, StemExpress must respond to interrogatories 1–9.

As to interrogatories 10 and 11, "StemExpress has agreed to review the burden involved in responding" to potentially resolve StemExpress's proportionality objections.[36] The court thus denies the motion to compel (for now) because the parties' meet-and-confer efforts might resolve their disputes. (The interrogatories seek the identities of StemExpress's customers who (1) purchased cord blood CD34+ from StemExpress between January 1, 2016 and December 31, 2020, or (2) purchased

---

[31] *Id.* at 33–35; First Am. Compl. – ECF No. 20 at 36 (¶ 97).

[32] Statement of Unresolved Issues – ECF No. 104-1 at 36–37.

[33] *Id.* at 41–42.

[34] Joint Disc. Letter – ECF No. 105 at 1–2.

[35] *Id.* at 3.

[36] Statement of Unresolved Issues – ECF No. 104-1 at 21, 24.

leukopaks from StemExpress during the same time frame. They are relevant to STEMCELL's damages resulting from StemExpress's alleged shipment delays and diversion of sales from STEMCELL.[37])

The parties' dispute about whether STEMCELL's interrogatories should be limited to the date range of the parties' contractual relationship appears to be moot because the parties "have agreed to limit the scope of all requests to [that] duration."[38]

### 4. Attorney's Fees

STEMCELL also seeks its attorney's fees incurred in connection with raising these disputes.[39] Under Rule 37(a)(5)(A), if the court grants a motion to compel discovery, it "must" require the party whose conduct necessitated the motion to pay to the moving party the reasonable costs, including attorney's fees, incurred in making the motion, except if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party that loses the motion to compel bears the affirmative burden of demonstrating that its position was substantially justified. *See* Fed. R. Civ. P. 37(a)(4) advisory committee's note to 1970 amendment; W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. P. Before Trial § 11:2382 (The Rutter Group 2022).

Even if some of StemExpress's objections were not "substantially justified," there are "other circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). In short, both parties have failed to cooperate reasonably on these discovery disputes. The court denies attorney's fees on this record.

---

[37] *Id.* at 20–26.

[38] *Id.* at 26–27.

[39] Statement of Unresolved Issues – ECF No. 103-1 at 57–59; Statement of Unresolved Issues – ECF No. 104-1 at 42–43; Statement of Unresolved Issues – ECF No. 105-1 at 27–28.

**CONCLUSION**

This resolves the disputes in ECF Nos. 103, 104, and 105.

**IT IS SO ORDERED.**

Dated: June 14, 2022

_____
LAUREL BEELER
United States Magistrate Judge