UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEMEXPRESS, LLC, et al., <br><br> Defendants. | Case No. 21-cv-01594-VC (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 114 |

In this case, biotech companies with a previous business relationship sued each other for breach of contract and theft of trade secrets, among other claims.[1] Plaintiff Canventa Life Sciences moved to (1) enforce the "highly confidential" designations for its document productions and (2) challenge some of the defendants' "confidential" designations for their document productions.[2] The motion can be decided without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The parties' protective order addresses Canventa's issues, so the court mostly denies the motion but orders a further meet-and-confer on some designations.

---

[1] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Emergency Ex Parte Appl. – ECF No. 114.

ORDER – No. 21-cv-01594-VC (LB)

For the second time, the plaintiffs' counsel filed a unilateral motion (allegedly because the issues were urgent) instead of a joint discovery letter. This violates the undersigned's standing order.[3] The court considers the motion because the defendants responded.[4] That said, this was not an urgent matter that allowed the circumventing of the district's ordinary discovery processes.

On the merits, the protective order governs the dispute.[5] It prohibits "[m]ass, indiscriminate, or routinized designations" and requires each designating party to "take care to limit . . . designation[s] to specific material that qualifies under the appropriate standards."[6] It also states the parties' "intent to . . . minimize[] the use of a ['highly confidential'] designation" and states that the parties "contemplate[d]" that that designation would be used "in connection with certain non-public financial information . . . and in connection with the disclosure of third-party confidential information."[7]

As to its motion to enforce its own "highly confidential" designations, the protective order required Canventa to show that, for each document so designated, "disclosure . . . would create a substantial risk of serious harm that could not be avoided by less restrictive means."[8] Canventa tried to carry this burden with a chart that merely categorizes documents (e.g. "Manufacturing Protocols") and provides unhelpful comments (e.g. "LP IRB Protocol").[9] One such comment is that Canventa's own counsel was "not sure why" the document was designated "highly confidential."[10] This showing does not establish the need for the designations. Instead, the designations are mostly what the protective order prohibits: mass "highly confidential" designations, inadequately explained, and mostly unrelated to the two narrow categories of "highly confidential" information identified by the protective order.

---

[3] *Id.*; Order – ECF No. 108.

[4] Opp'n – ECF No. 118.

[5] Protective Order – ECF No. 87.

[6] *Id.* at 4 (§ 5.1).

[7] *Id.* at 4 (§ 5.1), 11 (§ 12.1).

[8] *Id.* at 3 (§ 2.15), 12 (§ 12.3(c)).

[9] Chart, Ex. A to Quinto Decl. – ECF No. 114-2 at 2.

[10] *Id.* (document with bates numbers CANVENTA00001268–1335).

That said, some of the designations — those categorized as "pricing information" on Canventa's chart — may fall into one of the protective order's categories of "highly confidential" information: "non-public financial information."[11] Moreover, the parties' meet-and-confer process over this particular dispute did not include review by the defendants of Canventa's chart.[12]

Thus, the court orders the following. The parties must confer on the documents categorized as "pricing information" on Canventa's chart and may raise any disagreements after that process in a further joint letter.[13] The remainder of the 11,449 pages designated by Canventa as "highly confidential" on July 1, 2022 are protected only as "confidential" under the protective order.[14] For those pages, Canventa's chart was wholly inadequate. Canventa's resulting failure to carry its burden as to the designations is dispositive of the issue.

The fact that the parties' meet-and-confer process could have been more complete does not mean that the court should order a further meet-and-confer for all of the "highly confidential" designations, as opposed to just the ones pertaining to pricing information. First, Canventa shortcut the meet-and-confer process: it sought judicial intervention on an emergency basis even though it had more time to file under the protective order, and the defendants' counsel agreed not to share the designated pages with his client until the matter was adjudicated.[15] Second, the parties had an opportunity to brief the adequacy of the chart, and that briefing showed the dispositive principle: the documents not pertaining to pricing information are outside of the two categories of "highly confidential" information for which "highly confidential" designations are permitted under the protective order.[16] Thus, no further meet-and-confer will be ordered for the documents not pertaining to pricing information.

---

[11] Opp'n – ECF No. 118 at 12.

[12] Emergency Ex Parte Appl. – ECF No. 114 at 2; Quinto Decl. – ECF No. 114-1 at 2 (¶ 3); Parker Decl. – ECF No. 118-1 at 7 (¶ 17).

[13] *See, e.g.*, Chart, Ex. A to Quinto Decl. – ECF No. 114-2 at 2 (document bearing bates number CANVENTA00001346–1388).

[14] Parker Decl. – ECF No. 118-1 at 5–6 (¶ 12); Quinto Decl. – ECF No. 114-1 at 2 (¶ 2).

[15] Emergency Ex Parte Appl. – ECF No. 114 at 2; Protective Order – ECF No. 87 at 7 (§ 6.3).

[16] Opp'n – ECF No. 118 at 12.

As to its motion to challenge the defendants' "confidential" designations on certain emails, the protective order required that Canventa seek judicial intervention only after a meet-and-confer process. Among other things, the protective order required that the "[c]hallenging [p]arty . . . give the [d]esignating [p]arty an opportunity" to reconsider and withdraw the challenged designations.[17] According to Canventa's counsel's declaration, he asked the defendants to de-designate the relevant documents on July 25, 2022. The defendants responded that the parties could discuss de-designation at a future time.[18] Canventa filed its motion two days later.[19] Because Canventa filed the motion before the meet-and-confer process was complete, the motion is denied without prejudice. The parties must confer and come up with a reasonable timeline to accomplish that meet-and-confer process.

This resolves ECF No. 114.

**IT IS SO ORDERED.**

Dated: August 3, 2022

LAUREL BEELER
United States Magistrate Judge

---

[17] Protective Order – ECF No. 87 at 6 (§ 6.2).
[18] Quinto Decl. – ECF No. 114-1 at 2–3 (¶ 5).
[19] Emergency Ex Parte Appl. – ECF No. 114.