David W. Quinto (Bar No.106232)
dquinto@onellp.com
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiffs
STEMCELL Technologies Canada Inc., STEMCELL Technologies Inc., and Canventa Life Sciences, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

STEMCELL TECHNOLOGIES CANADA INC., f/k/a STEMCELL TECHNOLOGIES INC., a Canadian corporation; STEMCELL TECHNOLOGIES INC., a Nevada corporation; and CANVENTA LIFE SCIENCES, INC., a Delaware corporation,

Plaintiffs,

v.

STEMEXPRESS, LLC, a California limited liability corporation; CATHERINE S. DYER a/k/a CATE DYER, an individual; and DOES 1-10, inclusive,

Defendants.

STEMCELL EXPRESS, LLC, A California limited liability corporation;

Counter-Plaintiff

v.

STEMCELL TECHNOLOGIES CANADA INC., et al.

Counter- Defendants.

Case No. 3:21-cv-01594-VC
Hon. Laurel Beeler

**DISCOVERY MATTER**

**DECLARATION OF DAVID W. QUINTO IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO STEMCELL'S INTERROGATORIES**

# DECLARATION OF DAVID W. QUINTO

I, David W. Quinto, declare as follows:

1. I am a member of the State Bar of California and am counsel for Plaintiffs and Cross-Defendants herein. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

Interrogatory Responses in Dispute

2. On July 6, 2022, Defendant and Cross-Complainant StemExpress, LLC provided purported answers to STEMCELL Technologies' interrogatories served six months earlier. Although STEMCELL views all the responses as inadequate, it has chosen to move to compel further responses to just eight. A true and correct of StemExpress's purported answers and the corresponding interrogatories is attached as **Exhibit A.**

Failures to Comply with Court Orders

3. By order dated May 11, 2022 (CAND ECF 101), the Magistrate Judge directed that "lead counsel for the parties must submit a joint letter brief with information about any unresolved disputes within five days of the in-person meet-and-confer." STEMCELL has not complied with that order.

4. First, counsel did not meet and confer in person. Counsel for STEMCELL, and presumably counsel for StemExpress, as well, read that requirement in light of the Standing Order for United States Magistrate Judge Laurel Beeler at 3 ("If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone") and in light of Magistrate Judge Beeler's March 26, 2022 Discovery Order (CAND ECF 91) (The parties may confer by any means but they must confer at least by videoconference . . . .").

5. Second, inasmuch as counsel for the parties met and conferred by videoconference on July 25, STEMCELL was required to bring its motion by no

later than August 1, 2022. STEMCELL did not do so because StemExpress failed to timely provide its portions of the Joint Letter Brief and Statement of Unresolved Issues by August 1 notwithstanding that STEMCELL provided StemExpress with its portions of those documents the evening of July 25, following the parties' meet-and-confer videoconference. StemExpress requested an additional day to provide its portions of those documents and STEMCELL agreed to wait for them. However, StemExpress provided material only for the Joint Letter Brief, and not for the Statement of Unresolved Issues. That came two days later, after counsel for STEMCELL requested it yet again.

6. Third, StemExpress wanted to put the first paragraph of its argument following the introductory paragraph on the first page of the Joint Letter Brief. When counsel for STEMCELL made it the first paragraph in StemExpress's argument section, counsel for StemExpress refused to sign the Joint Letter Brief.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 8th day of August 2022 at Los Angeles, California.

By: */s/ David W. Quinto*
David W. Quinto