

555 Capitol Mall, Ste. 1230 Sacramento, CA 95814
916-996-0400  parlawgroup.com

August 18, 2022

Port J. Parker
port@parlawgroup.com

**Via Electronic Case Filing and Messenger**

The Honorable Laurel Beeler
United States Magistrate Judge
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, San Francisco, CA 94102

Re:   STEMCELL Technologies Canada Inc. et. al. v. StemExpress, LLC et. al, Case No.: 3:21-cv-01594-VC – Joint Letter Brief

Dear Judge Beeler:

Pursuant to Section III(4) of this Court's October 27, 2021 Standing Order, Defendant and Counter-Plaintiff StemExpress LLC ("Defendant" or "StemExpress") along with Plaintiffs and Cross- and Counter- Defendants' STEMCELL Technologies Canada Inc.; STEMCELL Technologies Inc. ("STEMCELL"); and Canventa Life Sciences, Inc ("Canventa") (collectively "Plaintiffs") submit this letter brief concerning enforcement of Defendant's Notice of Deposition of Canventa Pursuant to FRCP 30(b)(6).

Canventa relies upon claims of irrelevance and meritless, boilerplate objections in its refusal to produce witnesses or documents in response to most of StemExpress' requests. For the reasons described below, and in StemExpress' portion of the attached Statement of Unresolved Issues, StemExpress respectfully requests that Canventa be compelled to produce responsive witnesses and documents pursuant to FRCP 30(b)(6).

## Meet and Confer

The parties met and conferred on the issues raised herein on July 25, 2022 by Zoom. All parties have recently identified witnesses for those topics not in dispute, or that were resolved by meet and confer. Plaintiffs' depositions, including pursuant to Rule 30(b)(6), will commence on August 25, 2022, and thus we ask for a ruling on the issues as soon as reasonably practicable.

## Issues in Dispute

A Statement of Unresolved Issues, Summaries of the Parties' Positions with Citations to Supporting Authorities, and Each Party's Final Proposed Compromise is attached hereto. These issues are also discussed below.

## Defendant's Position

On April 6, 2022, StemExpress served a Notice of Deposition of Canventa. A true and correct copy of the deposition notice is attached as Exhibit A. Canventa responded on May 2, 2022. A true and correct copy of Canventa's objections is attached as Exhibit B. Following several email correspondences, StemExpress sent Canventa a formal meet and confer letter on June 17, 2022, regarding Canventa's responses to StemExpress' Rule 30(b)(6) notice. A true and correct copy of this letter and the comprehensive chart that followed are attached as Exhibits C and D.

As part of the Stipulation to Continue the trial date (See ECF 94), the parties agreed that discovery must be exchanged, and Rule 30(b)(6) depositions must be taken in order to properly prepare this case for trial. See ECF 91, 4:1-6. Despite this, obtaining even the most basic information from Canventa has been extremely involved. Canventa did not produce a single bated stamp document until July 1, 2022, after 5:00 p.m., the eve of a holiday weekend. See ECF 118 7:16-21. Additionally, 70% of the documents produced on this date were improperly subject to "Highly Confidential" (aka attorneys' eye only). See ECF 121. The discovery cut off in the case is rapidly approaching, and StemExpress has not obtained even a fraction of the discovery to which it is entitled, due to Plaintiffs' constant frivolous motion practice, gamesmanship, and unwillingness to meet and confer in good faith.

Canventa's responses to deposition topics are rife with meritless, unsustainable objections. Canventa relies largely upon the same boilerplate objections throughout, despite the applicability to each particular topic. Further, none of these objections are a legitimate basis for failing to produce witnesses, and Canventa has not sought a protective order. When counsel for StemExpress requested clarification at the July 25, 2022 meet and confer call as to the basis for Canventa refusing to produce witnesses, counsel for Canventa simply stated that each of these topics were irrelevant, and therefore Canventa would not be producing a witness. Despite the numerous boilerplate objections to each request, the sole basis stated for refusing to produce a witness on these topics is irrelevance. A party may seek discovery as to any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. See FRCP 26(b); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978); see also FRCP 37(a). This applies to topics 2-8, 11, 12, 17, 23, 24, and 26. Despite Canventa's claim, each of these topics is directly relevant to claims and/or defenses of the parties and is proportional to the needs of the case.

In response to StemExpress' Rule 30(b)(6) Document Requests, Canventa relies upon similarly boilerplate and improper objections. See FRCP 37(a); *U.S. ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 182 F.3d 930(9th Cir. 1999). These objections upon which Canventa relies include the following:



Relevance: During the July 25, 2022 meet and confer call, counsel for Canventa stated that it would not be providing responsive documents to most of StemExpress' document requests purely on the basis that Canventa believes the documents sought to be irrelevant. Each of these requests are extremely relevant, as discussed in more detail in the attached statement of unresolved issues. Canventa cannot be allowed to unilaterally decide what is relevant in order to suit its own needs, rather than based on the facts of the case. This applies to requests 2 and 4-28.

Objection to the term "YOU" and "Canventa": Canventa objects to these terms as overbroad, and redefines it to mean only the entity itself, and not any other individual or entity acting on its behalf as defined in StemExpress' Notice of Deposition. As the result of this objection and re-definition, StemExpress cannot determine whether Canventa is deliberately withholding certain responsive documents by limiting the definitions. When questioned about these objections during the July 25, 2022 meet and confer call, counsel for Canventa refused to either withdraw this objection, or provide any clarification as to whether documents were being withheld based on this redefinition. This objection is entirely improper, and Canventa must be compelled to withdraw it and produce all responsive documents. This applies to document requests 1, 3, 30-34 and 38-40.

Objection to term "Confidential Information": Similarly, Canventa also objected to the term "Confidential Information" and redefined it to include only extremely limited documents. Again, this is entirely improper to arbitrarily and unilaterally redefine a term to deliberately limit the scope of responsive documents. As a result, StemExpress cannot determine whether this objection and redefinition have been used to withhold documents or otherwise thwart StemExpress' document requests. Further, StemExpress defined the term almost identically to its definition from the mutually negotiated Supply Agreement between STEMCELL and StemExpress. Canventa cannot reasonably argue that the term is ambiguous when its parent, STEMCELL negotiated the definition of the term for the purpose of the Supply Agreement. To argue otherwise and attempt to arbitrarily redefine the term now is pure gamesmanship. This objection is improper and cannot be permitted. This issue applies to requests 35-38.

Documents "Sufficient to Show/Demonstrate": Canventa responded to many requests stating that it would produce documents "sufficient to show/demonstrate" the subject of the request. It is inappropriate for Canventa to produce only documents which it unilaterally determines are "sufficient to show" some detail, and not all responsive documents. When asked about this during the July 25 meet and confer call, counsel for Canventa stated that Canventa had, in fact, withheld documents on the basis of this statement, as they believe that not all documents needed to be produced. This is unacceptable, and in direct violation of Fed. Rule of Civ. Proc. Rule 34. See also FRCP 37(a); *U.S. ex rel. Sequoia Orange Co.*, *supra*, *at* 930. Canventa should be compelled to produce all responsive documents. This refers to requests 30-33.

StemExpress respectfully requests that the Court compel Canventa to designate and produce a witness in response to all FRCP 30(b)(6) topics and produce all non-privileged



documents.

**<u>Plaintiff's Position</u>**

StemExpress served both extensive document production requests *and* requests to produce documents at deposition on Canventa. StemExpress's motion concerns just the requests to produce documents at deposition. All the requests at issue herein concern StemExpress's affirmative claims against STEMCELL and Canventa; they do not concern the latters' claims against StemExpress.

Although StemExpress has alleged several claims for against STEMCELL and Canventa, those claims concern just two things: the misappropriation of undisclosed trade secrets and the misappropriation of undisclosed confidential information. Further, StemExpress alleges just one type of misappropriation—misappropriation by impermissible use. *See* Cal. Civ. Code § 3426.1(b)(2). StemExpress admits that it granted access to all the allegedly misused trade secrets and confidential information (thus ruling out misappropriation by improper acquisition) and has agreed that it does not contend that trade secrets or confidential information were improperly disclosed to third parties (thus ruling out misappropriation through improper disclosure).

Notwithstanding that the *sole* issue raised by StemExpress's Cross-Complaint is whether STEMCELL and/or Canventa have *used* trade secrets or confidential information owned by StemExpress, many of StemExpress's discovery requests have nothing to do with that. Instead, they concern such topics as whether Eric Martinelli, a former AllCells, LLC, Conversant Biologics, Inc., and STEMCELL Technologies employee, as well as current Canventa Life Sciences employee, had access to StemExpress's information and what measures were undertaken to protect the confidentiality of such information. Neither line of inquiry relates to *use*. And, to the extent the requests relate to building plans, architectural designs, the layout of public spaces, and the like, they do not even concern trade secrets or confidential information.

StemExpress's complaint that in responding to requests concerning the misappropriation of trade secrets and confidential information, STEMCELL and Canventa did not apply the definition of "Confidential Information" used in the parties' contracts is bizarre. The contracts define "Confidential Information" as including such manifestly non-confidential information as patents and marketing materials. Further, using that definition would require STEMCELL and Canventa to speculate as to what StemExpress might consider to be "Confidential." Instead, STEMCELL and Canventa responded bases on what StemExpress actually designated as "Confidential."

To the limited extent the discovery requests at issue do relate to the subject matter of the litigation, they are frequently duplicative of discovery StemExpress has already obtained by other means. For example, Plaintiff/Counter Defendant Canventa Life Sciences, Inc.'s Responses to Defendant/Counter Plaintiff's Special Interrogatories (Set One) (Trade Secret), a true and correct copy of which is attached as Exhibit E, set forth



much of the information StemExpress is purportedly seeking—such as who accessed what.

STEMCELL and Canventa have collectively produced over 400,000 pages of documents. To the STEMCELL and Canventa agreed to provide documents sufficient to show something, they have done so. StemExpress has not pointed to any failure to do so nor identified any document responsive to those requests that it does not have. Moreover, in a number of cases, the documents produced provided information duplicative of that set forth in interrogatory responses. Accordingly, to the extent StemExpress's motion complains of its receipt of documents "sufficient" to show something, it is merely trying to impose an unnecessary burden and expense on STEMCELL and Canventa.

StemExpress's complaint that STEMCELL and Canventa responded to document requests by reciting that they had searched for and documents within their custody, possession, or control is all that the Federal Rules of Civil Procedure require. In responding to discovery, they should not be compelled to respond as to all "officers, directors, employees, agents, consultants, representatives, accountants, attorneys, or others acting or purporting to act on their behalf," as demanded by StemCell.

Finally, to allow the Magistrate Judge to view Canventa's responses to the requests to produce documents at deposition in the wider context of StemExpress's total document requests, Canventa is attaching a true and correct copy of Plaintiff/Counter Defendant Canventa Life Sciences, Inc.'s Responses to Defendant/Counter Plaintiff's Requests for Production (Set One) (Trade Secret) as Exhibit E.

Sincerely,

/s/ *Port J. Parker*

Port J. Parker

/s/ *David W. Quinto*

David W. Quinto

