UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STEMEXPRESS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01594-VC (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 123 |

## INTRODUCTION

In this case, two biotech companies that previously had a business relationship sued each other for breach of contract and theft of trade secrets, among other claims.[1] STEMCELL moved (1) to compel responses or supplemental responses to eight interrogatories, and (2) for attorney's fees incurred in bringing the motion. In response, StemExpress requested (1) a protective order for the interrogatories and (2) sanctions against STEMCELL.[2] The court can decide the issues without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies STEMCELL's motion to compel further

---

[1] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 123. StemExpress filed an objection to the letter brief, but did not substantively dispute the letter brief's contents. Obj. – ECF No. 125.

ORDER – No. 21-cv-01594-VC (LB)

responses to Interrogatories Nos. 1–2, 6, and 9 but orders further responses to Interrogatories Nos. 4–5 and 10–11.

## STATEMENT

In the parties' previous business relationship, StemExpress supplied cell products (sometimes referred to by the parties as "leukopak" products) to STEMCELL. The relationship was governed by a contract that had confidentiality provisions. When the relationship ended, the parties sued each other for, among other claims, breach of contract. StemExpress also claimed that through STEMCELL's quality audits of StemExpress's facilities, STEMCELL gained access to and misappropriated StemExpress's trade secrets to start STEMCELL's own competing business (called Canventa), in violation of the California Uniform Trade Secrets Act (CUTSA).[3] The trial court referred all discovery disputes to the undersigned.[4]

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b).

STEMCELL challenges StemExpress's responses to its Interrogatories Nos. 1–2, 4–6, and 9–11.[5] These eight interrogatories were the subject of a previous discovery order of June 14, 2022, after which StemExpress served amended responses on July 6, 2022.[6] StemExpress generally argues that

---

[3] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51.

[4] Order of Reference – ECF No. 52.

[5] Joint Disc. Letter – ECF No. 123 at 1–3.

[6] Order – ECF No. 108 at 9–10; StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2.

ORDER – No. 21-cv-01594-VC (LB)                 2

those amended responses are detailed and sufficient.[7] The court denies STEMCELL's motion to compel further responses to Interrogatories Nos. 1–2, 6, and 9. The court orders further responses to Interrogatories Nos. 4–5 and 10–11, except that the court limits the date range for those interrogatories to the period of the parties' contractual relationship (2014–2018).

Interrogatories Nos. 1–2 ask StemExpress to distinguish the trade secrets from "information in the public domain" and "matters of general knowledge in the trade and of special knowledge of persons skilled in the trade."[8] The court previously struck one of StemExpress's trade secret designations and upheld the other ten.[9] StemExpress's responses to Interrogatories Nos. 1–2 provided twenty-seven pages of further detail on those ten trade secrets.[10] For example, StemExpress distinguished its "process for screening potential biospecimen donors for inclusion within its donor pool" from information in the public domain. Although "portions of [that process] may be publicly available," the process "as a whole [is not] publicly known," because "[o]ver time, StemExpress developed and modified publicly available . . . processes for screening potential biospecimen donors . . . based on considerations of demographic and health information of the donor as well as StemExpress' own eligibility, exclusion, and deferral criteria."[11]

In challenging StemExpress's amended responses to Interrogatories Nos. 1–2, STEMCELL argues only in generalities, asserting that "[a] specific identification of claimed trade secrets is required when ownership of the claimed trade secret is not obvious."[12] As StemExpress points out, STEMCELL has "failed to properly . . . articulate" what is inadequate about StemExpress's amended responses.[13] The court thus denies the motion to compel further responses to Interrogatories Nos. 1–2. *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr.

---

[7] Joint Disc. Letter – ECF No. 123 at 3–5.

[8] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 9, 11.

[9] Order – ECF No. 80 at 7–13.

[10] StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2 at 3–30.

[11] *Id.* at 4.

[12] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 9–13.

[13] Joint Disc. Letter – ECF No. 123 at 4.

1, 2010) (a party opposing discovery "can meet its burden by demonstrating . . . that the person seeking discovery fails to show need for the information").

In any event, the court already held that StemExpress's trade secret designations are sufficient. Where that is the case, a trade-secret-misappropriation plaintiff is not required, through interrogatory responses, to identify its trade secrets with greater particularity. *See Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) (CUTSA trade-secret designations "define[] the trade secrets at issue in the litigation with sufficient specificity that the defendant, as well as the court, is notified of the scope of the matters relevant to the claims").

Interrogatory No. 4 asks StemExpress to "identify each person or entity to whom or to which [StemExpress] ha[s] disclosed" its trade secrets.[14] StemExpress has apparently limited its response to outside consultants to whom it disclosed the trade secrets, and not customers, on the ground that the parties agreed to such a limitation during meet-and-confer. STEMCELL denies such an agreement and points out that whether StemExpress's "[trade] secrets were subject to reasonable measures to protect their secrecy" is a relevant topic of discovery.[15] StemExpress must amend its response to Interrogatory No. 4 by identifying any customers to whom it disclosed its trade secrets. Cal. Civ. Proc. Code § 3426.1(d)(1) (a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

Interrogatory No. 5 is about how each of StemExpress's trade secrets "derive[] independent economic value from not being known to" others.[16] StemExpress did not provide responses specific to each trade secret.[17] California law makes specific responses relevant. *Id.* § 3426.1(d)(1) (a trade secret must "[d]erive[] independent economic value . . . from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use"); *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 62 & n.26 (2014). StemExpress must amend

---

[14] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 14.

[15] *Id.*

[16] *Id.* at 15.

[17] StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2 at 33–34.

ORDER – No. 21-cv-01594-VC (LB)　　　　4

its response to Interrogatory No. 5 by explaining how each of its ten trade secrets derive economic value from not being known to others.

Interrogatory No. 6 asks for "all facts that show . . . [that each cross-defendant] has used" each of StemExpress's trade secrets. StemExpress contends that its eleven-page response is sufficient, and STEMCELL counters that the response explains only "that STEMCELL might have wanted to use StemExpress's purported trade secrets," not that STEMCELL actually used them.[18] Nonetheless, the court has no reason to believe that StemExpress's response is incomplete. The motion to compel is denied as to Interrogatory No. 6.

Next, Interrogatory No. 9 seeks "what confidential, but non-trade secret information . . . was allegedly misused by" STEMCELL and Canventa. STEMCELL asserts StemExpress's responses to be inadequate because they "merely rephrased [StemExpress's] claimed trade secrets."[19] Again, the court has no reason to believe that StemExpress's response is incomplete; as StemExpress contends, the issue "is whether StemExpress properly responded to the request, not the ultimate merits of whether StemExpress'[s] confidential information qualifies for protection."[20] The motion to compel a further response to Interrogatory No. 9 is denied.

As to Interrogatories Nos. 10 and 11, which ask for the identities of StemExpress customers who purchased certain cell products, the court previously held that these interrogatories are relevant but left open the question of whether they are proportional as phrased.[21] Now, STEMCELL seeks to compel responses within the date range January 1, 2017, to December 31, 2020, while StemExpress contends that "a scope of four full years is not narrowly tailored or reasonable."[22] The court limits the date range to January 1, 2017, to December 31, 2018, as explained below. The motion to compel is granted as to Interrogatories Nos. 10 and 11 within that date range.

---

[18] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 16–17.

[19] *Id.* at 17–19.

[20] *Id.* at 19.

[21] Order – ECF No. 108 at 9–10.

[22] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 20–25.

The parties also dispute whether STEMCELL's interrogatories should be limited to the duration of the parties' contractual relationship (2014–2018).[23] The court previously noted, and the parties have already represented to the court, that they "agreed to limit the scope of all requests to [that] duration."[24] Thus, for those interrogatories as to which STEMCELL's motion to compel is granted (Nos. 4–5 and 10–11), StemExpress need only provide responses within the date range January 1, 2014, to December 31, 2018.

STEMCELL also seeks attorney's fees incurred in connection with raising the dispute over its interrogatories.[25] In response, StemExpress requests sanctions against STEMCELL.[26] The court has previously noted that "both parties have failed to cooperate reasonably" in discovery.[27] That trend continues unabated. The court denies attorney's fees and sanctions on this record. The court adds that the district's letter-brief process is designed to have the parties work out solutions collaboratively and to get earlier intervention (if possible) than the ordinary five-week process for noticed motions. The court also generally (but not always) reserves sanctions and fees issues for the end of discovery, when the parties' conduct is illuminated fully.

## CONCLUSION

This resolves the dispute in ECF No. 123.

**IT IS SO ORDERED.**

Dated: September 3, 2022

LAUREL BEELER
United States Magistrate Judge

---

[23] *Id.* at 26–27.

[24] Order – ECF No. 108 at 10 (quoting Statement of Unresolved Issues – ECF No. 104-1 at 26–27).

[25] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 27–28.

[26] Joint Disc. Letter – ECF No. 123 at 3.

[27] Order – ECF No. 108 at 10.

ORDER – No. 21-cv-01594-VC (LB)                   6