UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEMEXPRESS, LLC, et al., <br><br> Defendants. | Case No. 21-cv-01594-VC (LB) <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 143 |

## INTRODUCTION

In this case, two biotech companies that previously had a business relationship sued each other for breach of contract and theft of trade secrets, among other claims.[1] The parties dispute whether the plaintiffs properly designated documents as "highly confidential" (instead of "confidential") under the protective order. This is relevant now because the parties are conducting depositions.[2] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court orders three solutions to the dispute: (1) the parties can confer before the depositions about the documents (and the court sets forth a same-day process of up to an hour that does not count

---

[1] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 143.

ORDER – No. 21-cv-01594-VC (LB)

against deposition time); (2) StemExpress can excuse the client during the deposition and raise the issues later; or (3) the parties can confer about representative documents to see whether they can resolve disputes by category.

## STATEMENT

In the parties' previous business relationship, StemExpress supplied cell products (sometimes referred to by the parties as "leukopak" products) to STEMCELL. The relationship was governed by a contract that had confidentiality provisions. When the relationship ended, the parties sued each other for, among other claims, breach of contract. StemExpress also claimed that through STEMCELL's quality audits of StemExpress's facilities, STEMCELL gained access to and misappropriated StemExpress's trade secrets to start STEMCELL's own competing business (Canventa), in violation of the California Uniform Trade Secrets Act.[3]

The issue is whether the plaintiffs (STEMCELL and Canventa) should have deemed some discovery productions "confidential" instead of "highly confidential" (meaning, attorney's eyes only (AEO)).[4]

The parties identified the relevant provisions of the protective order.[5]

    12. LIMITED HIGHLY CONFIDENTIAL DESIGNATION

       12.1  It is the Parties' intent to permit, but minimize, the use of a "HIGHLY CONFIDENTIAL" designation in this case. In particular, the Parties contemplate it may be required in connection with certain non-public financial information that may be disclosed through discovery and in connection with the disclosure of third-party confidential information. However, the parties shall not be permitted to designate any information, procedure, form, thing, or anything else to which an opposing party was ever given access. All terms applicable to CONFIDENTIAL information shall also apply to HIGHLY CONFIDENTIAL information, except as modified by this Section 12.

       12.2  A Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to:

          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of, as well as outside consultants and experts retained by Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" s attached as Exhibit A;

---

[3] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51.

[4] Joint Disc. Letter – ECF No. 143 at 2.

[5] *Id.* at 1.

   (b) the court and its personnel;

   (c) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   (d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 12.3  A Designating Party may designate its material HIGHLY CONFIDENTIAL in the same manner as the CONFIDENTIAL designation, except that:

   (a) in designating the materials, the Designating Party shall explain the perceived need for the HIGHLY CONFIDENTIAL designation, identify those portions so designated, and inquire about objection to the designation;

   (b) within thirty (30) days, the Parties shall meet and confer in good faith (in voice-to-voice dialogue) to determine any objection to the designation can be resolved;

   (c) if the Challenging Party does not accept the HIGHLY CONFIDENTIAL designation, then the Designating Party may either withdraw the designation or seek judicial intervention as provided in Section 6.3 above. The Designating Party shall bear the burden of proving its need for the HIGHLY CONFIDENTIAL designation.[6]

The protective order prohibits "[m]ass, indiscriminate, or routinized designations" and requires each designating party to "take care to limit . . . designation[s] to specific material that qualifies under the appropriate standards."[7]

The trial court held that (1) "highly confidential" designations are not "strictly limited to the two types of documents listed in the parties' stipulated protective order" (non-public financial information and third-party confidential information) but (2) the party seeking the designations (here, STEMCELL) "bears a heavy burden to show a specific need to protect each document," which is "certainly true for documents outside those categories originally contemplated by the parties."[8]

In one discovery production (495,000 pages produced by STEMCELL and 35,000 produced by Canventa), STEMCELL designated 64,600 pages "highly confidential," and in a second production of 208,000 pages, STEMCELL designated over 20,000 pages "highly confidential."[9]

---

[6] Am. Protective Order – ECF No. 87 at 11–12 (§ 12).

[7] *Id.* at 4 (§ 5.1).

[8] Order – ECF No. 129 at 1.

[9] Joint Disc. Letter – ECF No. 143 at 2–3.

ORDER – No. 21-cv-01594-VC (LB)   3

Beginning on August 6, 2022, the parties began conferring about the designations but did not resolve their disputes about what StemExpress characterizes as the plaintiffs' indiscriminate designations of documents as highly confidential.[10] As a result, the parties have had to take up the issues in the context of specific documents that StemExpress is using at the depositions. Citing deposition testimony, StemExpress gives examples of where the plaintiffs have not justified designations or withdrew them.[11] This is a laborious process and eats up deposition time. To address the issue, the plaintiffs' counsel has asked for advance notice of documents so that it can review them. StemExpress characterizes this as a clever way for the plaintiffs to prepare for StemExpress's depositions of the plaintiffs' witnesses.[12]

The plaintiffs contend that "StemExpress never sought to meet and confer concerning the designations."[13] They contend that there is a process to address designations: raise the issue with the court in the context of disputed designations for actual documents. As an intermediate measure, they identify an easy fix. StemExpress can identify the documents in advance, and the plaintiffs will review the designations before the depositions to see whether they can redesignate them. Alternatively, StemExpress can excuse its client during depositions involving documents designated "highly confidential" and sort out the issues later.[14]

Part of the context of the dispute is that StemExpress's counsel apparently showed some of the "highly confidential" documents to the client, which now is the subject of STEMCELL's motion to hold counsel in contempt and impose sanctions.[15] After StemExpress learned about the motion, it began excusing the client from the deposition when asking about "highly confidential" information.[16]

---

[10] *Id.* at 2–3, 5 (describing process).

[11] *Id.* at 3 (quoting rough transcripts of depositions).

[12] *Id.* at 3–4.

[13] *Id.* at 4.

[14] *Id.* at 4–5.

[15] Mot. – ECF No. 142.

[16] Joint Disc. Letter – ECF No. 143 at 4.

ORDER – No. 21-cv-01594-VC (LB)   4

The trial court referred all discovery disputes to the undersigned.[17] The fact discovery cut-off is September 28, 2022.[18]

## ANALYSIS

Under the protective order, excerpted in the Statement, the designating party has the burden of justifying its designation. But for that to happen, there has to be a process. The court cannot decide designation issues in a vacuum. For now, the court orders the following solutions.

One, StemExpress's counsel can give the plaintiffs' counsel advance notice of the documents. That does not have to defeat any strategic advance that StemExpress thinks it has at the deposition. The parties can confer before the deposition and put any issues on the record. Or StemExpress can divide its depositions into parts: examination that involves non-AEO documents and examination that involves AEO documents. During a break between parts, the parties can confer and again put anything on the record. The court allows up to an hour for this process. The hour does not count against deposition time.

Two, StemExpress can excuse its client during the AEO examination, and, in the context of documents it actually uses, the parties can confer about the designations and raise disputes with the court.

Three, StemExpress can pick some documents that are representative by category (a bellwether approach), and the parties can confer under the protective order's provisions and raise disputes with the court.

For whatever reason — perhaps the timing and volume of discovery — the dispute has become urgent for the parties because they must conduct depositions before the close of fact discovery. That is the parties' problem: this is late in the game, and again, the court cannot decide disputes in a vacuum.

---

[17] Order of Reference – ECF No. 52.
[18] Stipulated Order – ECF No. 94 at 4.

**CONCLUSION**

This resolves ECF No. 143.

**IT IS SO ORDERED.**

Dated: September 9, 2022

_____
LAUREL BEELER
United States Magistrate Judge