UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>STEMEXPRESS, LLC, et al.,<br><br>  Defendants. | Case No. 21-cv-01594-VC (LB)<br><br>**AMENDED DISCOVERY ORDER**<br><br>Re: ECF No. 123 |

**INTRODUCTION**

In this case, two biotech companies that previously had a business relationship sued each other for breach of contract and theft of trade secrets, among other claims.[1] STEMCELL moved (1) to compel responses or supplemental responses to eight interrogatories and (2) for attorney's fees for bringing the motion. StemExpress asked for a protective order and sanctions.[2] The court can decide the disputes without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court grants STEMCELL's motion to compel further responses.

---

[1] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter – ECF No. 123. StemExpress filed an objection to the letter brief generally to clarify the record. Obj. – ECF No. 125.

AMENDED ORDER – No. 21-cv-01594-VC (LB)

**STATEMENT**

In the parties' previous business relationship, StemExpress supplied cell products (sometimes referred to by the parties as "leukopak" products) to STEMCELL. The relationship was governed by a contract that had confidentiality provisions. When the relationship ended, the parties sued each other for, among other claims, breach of contract. StemExpress also claimed that through STEMCELL's quality audits of StemExpress's facilities, STEMCELL gained access to and misappropriated StemExpress's trade secrets to start STEMCELL's own competing business (called Canventa), in violation of the California Uniform Trade Secrets Act (CUTSA).[3] The trial court referred all discovery disputes to the undersigned.[4]

This dispute involves the sufficiency of StemExpress's responses to STEMCELL's Interrogatories Nos. 1 and 2, 4 through 6, and 9 through 11, which generally call for STEMCELL's contentions about its trade secrets and confidential information.[5]

**ANALYSIS**

Because the parties have filed many discovery letters this month, the court has a better understanding of the parties' relative engagement in the discovery process (although this letter suffers from the deficiency — since corrected in later orders — of requiring the court to delve into the parties' exhibits to unpack their arguments). The court deems the interrogatory responses insufficient, grants STEMCELL's motion, orders amended responses, and allows an additional full-day Rule 30(b)(6) deposition because the court does not think that — at least for some interrogatories — the contention interrogatories were helpful or can be helpful.

First, the court's earlier review of this discovery dispute in the order at ECF No. 108 was an attempt — like the attempts in many other orders — to impose some organization on discovery where the disputes were (again) almost entirely buried in attachments to the discovery letters. It

---

[3] First Am. Compl. – ECF No. 20; First Am. Countercls. – ECF No. 51.
[4] Order of Reference – ECF No. 52.
[5] Joint Disc. Letter – ECF No. 123.

AMENDED ORDER – No. 21-cv-01594-VC (LB)    2

also thought contention interrogatories (as opposed to a Rule 30(b)(6) deposition) were a good compromise: StemExpress proposed them and promised to answer them fully, and STEMCELL did not address any of StemExpress's arguments on the issue of a Rule 30(b)(6) deposition versus interrogatories. The court thus adopted StemExpress's proposed compromise for interrogatories.[6]

Second, a closer review of the interrogatories, especially in the context of the illumination provided by the court's review of the plaintiffs' discovery responses, shows that they generally do not do what the court intended: give insight into StemExpress's trade secrets and confidential information. Perhaps in a different case, with better disclosures, the court would not have had to allow contention interrogatories to give insight. (As the parties know, in earlier discovery orders, the court acknowledged the trial court's admonition that discovery was to go forward.[7]) Usually, a trade-secret-misappropriation plaintiff is not required, through interrogatory responses, to identify its trade secrets with greater particularity. *See Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) (CUTSA trade-secret designations "define[] the trade secrets at issue in the litigation with sufficient specificity that the defendant, as well as the court, is notified of the scope of the matters relevant to the claims").

But the point of the process here was to illuminate through interrogatories (in lieu of a Rule 30(b)(6) deposition) what the trade secrets were.[8] That did not happen for at least some of the interrogatories at issue. Other responses are deficient for other reasons.

In Interrogatory No. 1, STEMCELL asked StemExpress to distinguish the trade secrets from "information in the public domain." In Interrogatory No. 2, it asked StemExpress to distinguish its trade secrets from "matters of general knowledge in the trade and of special knowledge of persons skilled in the trade."[9] StemExpress's responses are long but are not helpful in understanding what

---

[6] Order – ECF No. 108 at 3–5.

[7] Order – ECF No. 68 at 2; Order – ECF No. 80 (setting forth relevant legal standards and holding that the disclosures were sufficient to let discovery go forward).

[8] Order – ECF No. 108 at 4.

[9] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 9, 11.

AMENDED ORDER – No. 21-cv-01594-VC (LB)   3

the trade secrets are, how they differ from information in the public domain, and how they are not matters of general knowledge in the trade or are not known to persons skilled in the trade.[10]

In Interrogatory No. 4, STEMCELL asked StemExpress to "identify each person or entity to whom or to which [StemExpress] ha[s] disclosed" its trade secrets.[11] StemExpress limited its response to outside consultants, and not customers, on the ground that the parties agreed to such a limitation during their meet and confer. STEMCELL disputes that agreement.[12] This is a relevant discovery topic. StemExpress must amend its response to identify all entities, including customers, to whom it disclosed its trade secrets. Cal. Civ. Proc. Code § 3426.1(d)(2) (a trade secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

In Interrogatory No. 5, STEMCELL asked StemExpress to explain how its identified trade secrets "derive[] independent economic value from not being known to" others.[13] StemExpress did not provide responses specific to each trade secret.[14] Under California law, specific responses are relevant. *Id.* § 3426.1(d)(1) (a trade secret must "[d]erive[] independent economic value . . . from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use"); *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 62 & n.26 (2014). StemExpress must amend its response.

In Interrogatory No. 6, STEMCELL asked — for each identified trade secret — for all facts that show or tend to show that the plaintiffs/cross-defendants used the trade secret.[15] StemExpress answered in eleven pages, but as STEMCELL points out, the gist of the response is that

---

[10] StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2 at 3–30.

[11] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 14.

[12] *Id.*

[13] *Id.* at 15.

[14] StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2 at 33–34.

[15] *Id.* at 34.

AMENDED ORDER – No. 21-cv-01594-VC (LB)     4

"STEMCELL might have wanted to use StemExpress's purported trade secrets," not that it actually used them.[16]

Interrogatory No. 9 asked StemExpress to disclose "what confidential, but non-trade secret information . . . was allegedly misused by" the plaintiffs/cross-defendants. STEMCELL contends that StemExpress's responses are inadequate because they "merely rephrased [StemExpress's] claimed trade secrets."[17] This response suffers from the same inadequacy as the response to Interrogatory No. 1. StemExpress suggests that STEMCELL's argument is not about the sufficiency of the response and instead is about "the ultimate merits of whether StemExpress'[s] confidential information qualifies for protection."[18] The court addresses this point below.

Interrogatory No. 10 asked StemExpress to identify customers who bought cord-blood CD34+ from StemExpress. Interrogatory No. 11 asked StemExpress to identify its leukopak customers.[19] These are relevant, and StemExpress must respond.[20]

Another issue is the parties' disagreement about the relevant time frame for the responses: generally 2014 to 2018 (the duration of the contract) or 2014 to 2020 (duration of the contract plus open orders).[21] It is reasonable to expect responses that cover the time period attributable to open orders. StemExpress articulated no real burden.[22]

This resolves the disputes, at least by issue. But — as StemExpress pointed out in its argument about Interrogatory No. 9 — the issues for most interrogatories (except for Interrogatories Nos. 4, 10, and 11) are about whether StemExpress has shown that its information is protectible. That is a merits

---

[16] Statement of Unresolved Disputes, Ex. A to Joint Disc. Letter – ECF No. 123 at 16–17.

[17] *Id.* at 17–19.

[18] *Id.* at 19.

[19] StemExpress's Am. Resps. to STEMCELL's First Set of Interrogs., Ex. A to Quinto Decl. – ECF No. 123-2 at 48.

[20] Order – ECF No. 108 at 9–10 (held that the interrogatories are relevant but left open the question of whether they are proportional).

[21] Joint Disc. Letter – ECF No. 123 at 1, 5.

[22] *Id.* at 3, 5.

AMENDED ORDER – No. 21-cv-01594-VC (LB)        5

issue, addressable at summary judgment or, if there are fact issues, at trial. But discovery is designed to illuminate the issues. STEMCELL is entitled to that illumination.

The practical reality is that the amended responses to Interrogatories 4, 10, and 11 are easy. Given the pages of responses, the utility of further amendments to the remaining interrogatories seems unlikely. For those interrogatories, the court allows an extra Rule 30(b)(6) deposition, which is the approach that STEMEXPRESS requested originally.

The final issue is that STEMCELL wants its attorney's fees for this letter, and StemExpress wants sanctions.[23] Sanctions against STEMCELL are not warranted. The court also denies fees. The court appreciates that discovery has been frustrating, but at least part of this dispute (the sufficiency of the contention interrogatories to illuminate the dispute) is unnecessary and could have benefited from a more realistic approach. Also, the point of the district's letter-brief process is to avoid motions to compel, sanctions, and fees in favor of a collaborative approach. Moreover, the court generally (but not always) reserves sanctions and fees issues for the end of discovery when it can evaluate the parties' conduct more fully.

## CONCLUSION

This resolves the dispute in ECF No. 123 and moots the motion at ECF No. 147.

**IT IS SO ORDERED.**

Dated: September 9, 2022

LAUREL BEELER
United States Magistrate Judge

---

[23] *Id.* at 1, 3.