Port J. Parker, SBN 179256
port@parlawgroup.com
Myles G. Taylor, SBN 298687
myles@parlawgroup.com
**PARKER TAYLOR LAW GROUP, PC**
555 Capitol Mall, Suite 1230
Sacramento, CA 95814
Telephone: (916) 996-0400

Attorneys for Defendants and Counter-Plaintiffs STEMEXPRESS, LLC and CATE DYER

parker taylor law group

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEMCELL TECHNOLOGIES CANADA INC., f/k/a STEMCELL TECHNOLOGIES INC., a Canadian corporation; STEMCELL TECHNOLOGIES INC., a Nevada corporation; and CANVENTA LIFE SCIENCES, INC., a Delaware corporation,

Plaintiffs,

v.

STEMEXPRESS, LLC, a California limited liability corporation; CATHERINE S. DYER a/k/a CATE DYER, an individual; and DOES 1-10 inclusive,

Defendants.

---

STEMEXPRESS, LLC, a California limited liability corporation;

Counter-Plaintiff

v.

STEMCELL TECHNOLOGIES CANADA INC., et. al.

Counter-Defendants.

Case No. 3:21-cv-01594

*Case Assigned to Judge Vince Chhabria*

**STEMEXPRESS, LLC AND CATE DYER'S NOTICE OF MOTION AND MOTION TO COMPEL STEMCELL'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

Date: November 10, 2022
Time: 9:30 a.m.
Location: Courtroom B, 15th Fl.
450 Golden Gate Ave.,
San Francisco, CA 94102

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 10, 2022 at 9:30am or as soon thereafter as the matter may be heard in the above-entitled court, Defendants StemExpress, LLC and Catherine Dyer aka Cate Dyer ("StemExpress") will and hereby does bring this motion to compel further responses and production of documents in response to Requests for Production of Documents, Set Two.

StemExpress respectfully requests that the Court order STEMCELL to amend their improper responses to Requests for Production of Documents, Set Two to remove all inappropriate objections and produce all non-privilege responsive documents. StemExpress further requests that the Court's scheduling order for purposes of initial expert reports and to make and oppose summary judgment is extended by ten (10) business days, in light of this additional discovery.

Pursuant to the Court's order (ECF 159), opposition to motion to compel is due 14 days after filing of this motion, and reply is due on October 24, 2022.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Port J. Parker filed concurrently with this Motion, and exhibits thereto, the pleadings and papers filed herein, and any other matters that the Court may properly consider.

DATED: October 5, 2022

PARKER TAYLOR LAW GROUP, PC

PORT J. PARKER
MYLES G. TAYLOR
Attorneys for STEMEXPRESS, LLC and CATE DYER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to the Court's October 4, 2022 Order (ECF 159), Defendant/Counter-Plaintiff StemExpress LLC ("StemExpress" or "Defendant") brings this motion concerning Plaintiff/Counter-Defendant STEMCELL Technologies Canada Inc.'s ("STEMCELL") failure to produce responsive documents under StemExpress' Request for Production of Documents, Set Two.[1]

Prior to receiving responses, and after deposition on September 23, 2022, counsel for StemExpress and Plaintiffs discussed financial-related records. Counsel for Plaintiffs suggested that records were or would be produced. On September 28, 2022, three business days after receiving responses to Requests for Production Set Two, counsel for StemExpress notified counsel for Plaintiffs that the responses were deficient. StemExpress received no response, and time is of the essence to seek relief on these issues. See Declaration of Port J. Parker ("Parker Decl.") ¶ 9.

For the reasons described below, StemExpress respectfully requests that the Court order STEMCELL to amend their improper responses to Requests for Production of Documents, Set Two to remove all inappropriate objections, and to produce all non-privilege responsive documents. Further, StemExpress requests additional time under the Court's scheduling order for purposes of initial expert reports and to make and oppose summary judgment, in light of this discovery.

### II. FACTUAL BACKGROUND

On August 15, 2022, StemExpress propounded its Requests for Production, Set Two, to STEMCELL with 16 specific requests for documents related to Plaintiffs' profits and expenses (Nos. 138-153). Parker Decl. ¶ 4, Ex. A:

**Request No. 138**: Produce DOCUMENTS sufficient to show the prices STEMCELL TECHNOLOGIES paid for each product purchased from CANVENTA, including but not limited to contracts, term sheets, pricing lists, and product lists, from January 1, 2018, through the date of this request.

**Request No. 139**: Produce DOCUMENTS sufficient to show the profits STEMCELL

[1] StemExpress initially prepared this motion in accordance with the Court's Standing Orders regarding letter briefs and sent the letter brief to Plaintiffs for their portion on September 30, 2022. StemExpress received no response from Plaintiffs. Further, Plaintiffs have presented no letter briefs of their own to StemExpress regarding pending issues. Parker Decl. ¶ 11.



parker taylor law group

TECHNOLOGIES earned from selling CANVENTA's products from January 1, 2018, through the date of this request.

**Request No. 140**: Produce DOCUMENTS sufficient to show financial projections of CANVENTA for selling products to STEMCELL TECHNOLOGIES from January 1, 2018 through the date of this request.

**Request No. 141**: Produce DOCUMENTS sufficient to show STEMCELL TECHNOLOGIES' research and development expenses incurred in developing each of the products sold by CANVENTA to STEMCELL TECHNOLOGIES, including for the development of the manufacturing processes for each product, from January 1, 2017, through the present.

**Request No. 142**: Produce DOCUMENTS sufficient to show STEMCELL TECHNOLOGIES' research and development budgets to develop each of the products sold by CANVENTA to STEMCELL TECHNOLOGIES, including for the development of the manufacturing processes for each product, from January 1, 2017, through the present.

**Request No. 143**: Produce all DOCUMENTS containing COMMUNICATIONS to STEMCELL TECHNOLOGIES' board of directors regarding CANVENTA's product development.

**Request No. 144**: Produce all DOCUMENTS reflecting market research or other information that was considered when making the decision to form CANVENTA.

**Request No. 145**: Produce all DOCUMENTS reflecting market research or other information that was considered when making the decision to locate CANVENTA in the San Francisco area.

**Request No. 146**: Produce all contracts, including draft and executed versions, between CANVENTA and STEMCELL TECHNOLOGIES for sale of CANVENTA products.

**Request No. 147**: Produce all contracts, including draft and executed versions, between CANVENTA and any company other than STEMCELL TECHNOLOGIES for the sale of CANVENTA products.

parker taylor law group

**Request No. 148**: Produce DOCUMENTS sufficient to show all sales of products from CANVENTA to STEMCELL TECHNOLOGIES from January 1, 2018 to the date of this request.

**Request No. 149**: Produce DOCUMENTS sufficient to show STEMCELL TECHNOLOGIES profit margins for each type of product it sells to third parties that are obtained from CANVENTA, from January 1, 2018 to the date of this request.

**Request No. 150**: Produce DOCUMENTS sufficient to show STEMCELL TECHNOLOGIES' costs of goods sold for each type of product it sells to third parties that are obtained from CANVENTA, from January 1, 2018 to the date of this request.

**Request No. 151**: Produce copies of any DOCUMENTS reflecting business plans for CANVENTA, a wholly owned subsidiary of STEMCELL TECHNOLOGIES.

**Request No. 152**: Produce copies of any DOCUMENTS reflecting reports on projected financials for CANVENTA, a wholly owned subsidiary of STEMCELL TECHNOLOGIES.

**Request No. 153**: Produce copies of any DOCUMENTS reflecting reports on projected financials for STEMCELL TECHNOLOGIES relating to CANVENTA as a wholly owned subsidiary.

These requests were drafted specifically to obtain highly relevant and admissible documents evidencing the amount of unjust enrichment Plaintiffs obtained as a result of misappropriating StemExpress' trade secrets, recovery of which is permissible under Cal. Civ. Code § 3426.3. Although such records should have been provided in response to prior discovery requests, in an attempt to avoid unnecessary motion practice, StemExpress served the 16 specific requests from its Request for Production, Set Two to get to the heart of the matter. Parker Decl. ¶ 5.

On September 16, 2022, counsel for StemExpress granted STEMCELL an extension to respond based on explicit statements from counsel for Plaintiffs that STEMCELL would be providing responsive documents, rather than objection-only responses. Unfortunately, as with previous discovery responses, on September 23, 2022, STEMCELL primarily responded with boilerplate objections, which are essentially the same objections they asserted to almost every request, whether

parker taylor law group

or not the objection is applicable to that particular request. Parker Decl. ¶ 7, Ex. B. StemExpress' meet and confer letter followed on September 28. Parker Decl. ¶ 9, Ex. C. As such, STEMCELL must amend their responses to remove their meritless, boilerplate objections, and produce all responsive records, except where a specific privilege applies. StemExpress is entitled to responsive records. These 16 specific requests are narrowly tailored to related directly to StemExpress' damages in this matter. Parker Decl. ¶ 6.

## III. ARGUMENT

Because Rule 34 requires that objections be stated with specificity, boilerplate assertions of any type, including assertions of attorney-client privilege, the work product doctrine, confidentiality, etc. are improper. *Clark v. City of Los Angeles*, No. CV2010768CASPVC, 2021 WL 4731353, at *6 (C.D. Cal. Aug. 23, 2021). See also, *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."). STEMCELL once again failed to comply with their Rule 34 obligations to state whether it is withholding documents, and if so the objection upon which it is basing this decision to withhold responsive documents. This is consistent with Plaintiffs' continual "hide the ball" tactics. As a result, StemExpress reviews each objection in turn:

"Relevance": The tests of relevancy as they relate to documents sought by a motion to produce are considerably less stringent than general relevancy requirements which govern admissibility of evidence at the trial stage of proceedings. *Jensen v. Boston Ins. Co.*, 20 F.R.D. 619. (N.D. Cal. 1957). STEMCELL's relevance objection appears to be a boilerplate objection to every single discovery request and is without merit. These requests are all highly relevant to StemExpress' affirmative claims.

Requests 138-139, 140, and 146-153 speak directly to Plaintiffs' claim of unjust enrichment, which is a damage available under Cal. Civ. Code § 3426.3(a), including information related to Plaintiffs' costs of goods, projected financials, and profit margins. Requests 141, 142, 143, 144, and 145 seek evidence directly relevant to the decision to create Canventa, its development, and Canventa's development, all of which speak to the amount of Plaintiffs' financial gain as a result of their misappropriation. All of these requests sought highly relevant, critical documents and records that go to heart of StemExpress' claims and damages. The failure to produce the same is extremely



parker taylor law group

parker taylor law group

prejudicial. Parker Decl. ¶ 6.

"Improper attempt to force [STEMCELL] to marshal all evidence": This is not a proper objection. By its nature, discovery seeks the information that a party will use to support or rebut the claims of the pleadings. Rule 26 provides no limit on discovery prohibiting a party from asking for all of the facts that support propounding party's claims. In addition to being relevant, these 16 requests are proportional because of the parties' relative access to relevant information and the importance of the discovery in resolving the issues. Fed. R. Civ. 26(b)(1). Here, Plaintiffs control all of the requested information, have refused to produce it in connection with their 30(b)(6) depositions, have otherwise refused to identify the documents among the over 800,000 documents they have produced, and have already provided most of this information to experts for analysis. In order to resolve this dispute and fully assess Plaintiffs' unjust enrichment, StemExpress needs this critical information. Accordingly, the requests are both relevant and proportional.

"Confidential and Highly Sensitive Information": The records sought here are sufficiently protected under the parties' Protective Order. See ECF 87.

"Burden" and "Overbreadth": Claiming burden, alone, is insufficient to avoid producing the records to these specifically tailored requests for production. See *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 8 (D.D.C. 2007). These boilerplate objections are meritless and no legitimate basis for withholding documents.

"Documents 'Previously Produced'": STEMCELL responded to Request Nos. 138, 141, 142, and 150, stating that these documents had already been produced. However, the review of documents produced by Plaintiffs to date have found no such documents. Parker Decl. ¶ 8. Moreover, this objection alone is insufficient. The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. Fed. R. Civ. Proc. 26 advisory committee's notes. "A party asserting the redundancy of requests must specifically refer to documents already produced, such that the other party can be assured it has the relevant material in hand." *Chartered Dev. Corp. v. Allstate Ins. Co.*, No. 206CV01039LDGLRL, 2009 WL 10692853, at *4 (D. Nev. Sept. 24, 2009) (citing 7-34 Moore's Federal Practice—Civil § 34.13). The Court in *Chartered* required a responding party, which raised this same objection, to provide the requesting party with "a supplemental response which

identifies the documents previously produced with specificity—either by bates numbers, document titles, or similar method—which will allow [Requesting Party] to confirm it is in possession of those documents." To the extent that Plaintiffs' have produced these documents, they should identify them by bates number in the objection.

Plaintiffs have the ability to produce all of the overdue, requested documents of them. With respect to the unjust enrichment and related documents set forth above, they should have been produced in an intelligible fashion at or before the 30(b)(6) depositions (which is being raised to the Court in a separate brief).

## IV. CONCLUSION

For the reasons provided herein, Defendant/Counter-Plaintiff StemExpress respectfully requests that the Court order STEMCELL to produce all of the records and documents requested. StemExpress seeks the above to obtain critical, overdue evidence and to avoid undue prejudice. Consistent with StemExpress' prior concern about failure to comply (ECF 140, p. 10:3-13), STEMCELL have failed to comply and produce records. Thus, StemExpress respectfully requests that the Court order amended responses as to all 16 requests from Request for Production, Set Two, and production of all responsive records. Further, StemExpress requests additional time under the Court's scheduling order for purposes of initial expert reports and to make and oppose summary judgment, in light of this discovery.

DATED: October 5, 2022

PARKER TAYLOR LAW GROUP

PORT J. PARKER
MYLES G. TAYLOR
Attorneys for Defendant/Counter-Plaintiff
STEMEXPRESS, LLC

parker taylor law group