UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., <br><br>　　　　　Plaintiffs, <br><br>　　　v. <br><br> STEMEXPRESS, LLC, et al., <br><br>　　　　　Defendants. | Case No.  21-cv-01594-VC <br><br> **ORDER STRIKING SUR-REPLY** <br> Re: Dkt. No. 207 |

　　　　On November 17, the Court held a hearing on Stemcell and StemExpress's cross-motions for summary judgment. At that hearing, it became clear that Stemcell's counsel was not aware that a district court opinion cited in its briefs had been reversed by the Ninth Circuit in a published opinion. Scrambling to mitigate its mistake, Stemcell filed an additional brief the next day, which it styled as a "sur-reply." Dkt. No. 207. Stemcell attached two new declarations as well. The combined filing runs more than forty pages.

　　　　Stemcell's filing is stricken. Stemcell had sufficient opportunity to make its case in the briefs and at the motion hearing. It did not even seek leave to file a supplemental brief, as required by Local Rule 7–3(d). Like all parties, Stemcell must follow the rules. There can be no finality to litigation if parties submit new filings whenever they think of something new to say.

　　　　Had Stemcell properly sought leave to file a post-hearing brief, it would have been denied. Stemcell's failure to identify controlling authority is not a good reason for a further round of lengthy briefing. Stemcell and its counsel had a responsibility to present their case properly in the briefs filed prior to the hearing.

　　　　It is becoming increasingly clear that counsel for Stemcell, David Quinto, has been

litigating this case in a manner that shows a lack of respect for opposing counsel and for the court system. Unnecessary "emergency motions" and other improper filings like this one do not advance Stemcell's position, but they do waste judicial resources and frustrate the efficient administration of justice. Mr. Quinto's conduct also shows a lack of respect for his client, who is surely footing the bill for these ineffectual efforts. Because this case is headed towards trial, Stemcell and its counsel are warned that future transgressions will likely result in sanctions for both counsel and client, as the client is ultimately responsible for its counsel's conduct.

    Mr. Quinto is ordered to read this order out loud to his client and to provide his client with written copies of both this order and the transcript of the summary judgment hearing. Mr. Quinto must file a declaration on the docket certifying that he has complied with these requirements within 7 days of this order.

    **IT IS SO ORDERED.**

Dated: November 29, 2022

                                                VINCE CHHABRIA
                                                United States District Judge