UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>STEMEXPRESS, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 21-cv-01594-VC<br><br>**ORDER GRANTING PARTIAL RELIEF FROM DISCOVERY ORDERS; GRANTING IN PART MOTION TO REALIGN PARTIES**<br><br>Re: Dkt. Nos. 210, 211, 234 |

　　　　StemExpress timely objects to a discovery order by Judge Beeler. Dkt. Nos. 205, 210, 211. Stemcell filed responses. Dkt. No. 231, 232. This Court reviews a nondispositive pretrial order by a magistrate judge to see whether it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

　　　　The motion regarding over-designation of documents is granted in part and denied in part. Dkt. No. 210. (The Court construes the request as one for adjudication of the propriety of the designations, rather than as a request for sanctions.) The Court does not have before it any actual documents, and neither party seems to have quite followed the procedures from their own stipulated protective order—in part because Stemcell has designated so many pages as highly confidential. Dkt. No. 87 §§ 6.3, 12. (Stemcell suggests that Judge Beeler modified the protective order's approach. Dkt. No. 231 at 4. However, the cited order was about production, not designations, and even explicitly referred to the availability of the protective order's procedures if the dispute became one over designations.)

　　　　The parties have been warned about over-designation, which is an abuse of the discovery process that unfairly drives up costs. *See* Dkt. No. 129. Stemcell has described broad categories

of records that it has designated as highly confidential. The first category is roughly 250,000 pages of lab notebooks and similar records that allegedly "contain highly sensitive development records going back to the 1990s," including "development records for the underlying technology" for cell products. Dkt. No. 231 at 5. Stemcell fears that StemExpress will pass this information on to one of its competitors, Miltenyi, or allow the documents to become public in a way that would jeopardize patentability or trade secret protections. *Id.* These highly speculative fears of competitive harm cannot support a designation of highly confidential. These documents are ordered re-designated as confidential.

The other outstanding categories—various forms of non-public financial information and customer lists—may or may not be properly designated highly confidential. *Id.* at 5–6. The parties' stipulated protective order was particularly concerned about such information, and the original Supply Agreement between the parties kept Stemcell's customer's identities private. Without ruling that any or all of those designations are proper, in this posture the Court declines to order those categories of documents de-designated. (Documents in one other category, about 19,000 pages of protocol development records, protocols, and operating procedures, have been appropriately re-designated as confidential already. *Id.* at 6–7.) If StemExpress can show that the designation of specific documents is obviously improper and that keeping them designated as highly confidential will truly harm its case at trial, it may file a more targeted motion to redesignate specified documents as confidential.

The motion for relief regarding StemExpress's motion to compel discovery responses is granted. Dkt. No. 211. Stemcell is required to respond to the 9 requests for production in StemExpress's motion. These categories of documents are clearly relevant. To the extent certain documents do not exist, as Stemcell belatedly asserts, Stemcell must say so in its responses.

Finally, Stemcell's motion to realign the parties is granted in part. It could be confusing (particularly on appeal) to formally realign the parties. But at trial, StemExpress will be treated as the plaintiff and Stemcell will be treated as the defendant.

**IT IS SO ORDERED.**

Dated: February 7, 2023

_____
VINCE CHHABRIA
United States District Judge