UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELL TECHNOLOGIES CANADA INC., et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>STEMEXPRESS, LLC, et al., <br><br>　　　　　Defendants. | Case No. 21-cv-01594-VC <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL** <br><br>Re: Dkt. Nos. 173, 176, 192, 194, 199, 200 |

　　　　There is a strong presumption of public access to court records. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). For dispositive motions, the party seeking to file anything under seal must have "compelling reasons" to do so, a "stringent standard" that requires an "articulate[d] . . . factual basis," not merely "hypothesis or conjecture." *Id.* at 1096–97. A general invocation of competitive harm is insufficient. But protecting possible trade secrets can be a compelling reason to allow records to be filed under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). One of this case's central issues is the alleged misappropriation of trade secrets and other confidential information, so naturally there will be some records that should be sealed. This order resolves the motions to file under seal attendant to the parties' cross-motions for summary judgment. To the extent that the motions are denied, the original filing party must file unredacted versions on the docket within 14 days of this order. As to one declaration, the motion is denied without prejudice; either an unredacted version or a narrowly targeted renewed motion is also due within 14 days.

　　　　The parties should not assume that the Court will allow sealing at trial merely because a filing was sealed here.

The first motion concerns Stemcell's opening brief and its exhibits. Dkt. No. 176.[1]

- Redactions of Stemcell's opening brief: Denied regarding references to the depositions of Hussy and Rebolvaba, granted otherwise.
- Ex. C: Granted.
- Ex. E: Granted as to pages 34–96; denied otherwise because StemExpress does not seek to seal.
- Exs. F and G: Denied because StemExpress does not seek to seal.

The second motion relates to StemExpress's opening/opposition brief and attached exhibits (with one corrected exhibit). Dkt. No. 192, 194.

- Redactions of StemExpress's opening brief: Granted.
- Exs. 52–55, 83–86: Denied.
- All other declarations and exhibits at Dkt. Nos. 192, 194: Granted.

The third motion to seal concerns Stemcell's reply and its exhibits. Dkt. No. 199.

- Exs. 1–2: Granted.
- Ex. 3: Denied.
- Ex. 4: Denied.
- Ex. 5: Denied.
- Ex. 6: Granted
- Llewellyn declaration: Granted.
    - Exs. 1–4: Granted.
    - Ex. 5: Denied.

---

[1] The motion at Dkt. No. 173 is granted as moot, because the attendant motion was terminated by the Court and subsequently re-filed. The re-filed motion to seal at Dkt. No. 192 is addressed separately.

- o   Ex. 6: Denied.
- o   Ex. 7: Denied.
- o   Ex. 8: Denied.
- o   Exs. 9–15: Granted.

- Sauvé declaration (sealed version at Dkt. No. 199-25): Denied without prejudice to a renewed motion that is much narrower (though the Court is skeptical anything in this declaration merits sealing).
  - o   Exs. A, B, C, D, E, F, G, H, I: Granted.
  - o   Ex. J: Denied.
- Go declaration: Granted.
  - o   Ex. A: Granted.
- Csontos and Martinelli declarations: Granted.

The fourth and final motion to seal is an addendum that also concerns Stemcell's reply. Dkt. No. 200.

- Sauvé supplemental declaration: Denied.
- Ex. K: Granted.

**IT IS SO ORDERED.**

Dated: April 3, 2023

_____

VINCE CHHABRIA
United States District Judge